JUSTIN M. HEILIG
HILL RIVKINS LLP
45 Broadway, Suite 2110
New York, NY 10006
Tel: (212) 669-0600
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>- against -<br><br>COSCO SHIPPING LINES CO., LTD.,<br><br>Defendant. | Civil Action No. 25-cv-5086<br><br>**COMPLAINT** |

Plaintiff Travelers Property Casualty Company of America ("Travelers"), by and through its attorneys Hill Rivkins LLP, as and for its Complaint against Defendant COSCO Shipping Lines Co., Ltd. ("CSL"), alleges upon information and belief as follows:

1. This subrogation action arises from loss, or non-delivery of certain cargoes transported in part by ocean carriage from Thailand to the United States under a combined transport or "through" bill of lading.

2. This action is comprised of admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333.

1

3. The United States District Court for the Southern District of New York is the proper venue for this action by virtue of the forum-selection clause contained in the operative bill of lading, terms and conditions of service, and/or contract of carriage for the shipment at issue. Defendant CSL has consented to the personal jurisdiction of this Honorable Court by virtue of the same forum-selection clause.

4. At all times relevant hereto, Plaintiff Travelers was and now is a business entity organized and existing under Connecticut law, with an office and place of business at One Tower Square, Hartford, CT 06183.

5. At all times relevant hereto, Plaintiff Travelers was and now is an insurance company which insured the 650 pieces of truck radial tires (the "Cargoes") that are the subject of this action.

6. At all times relevant hereto, Defendant CSL was and now is a business entity organized and existing under foreign law with an office and regional headquarters at 100 Lighting Way, 3rd Floor, Secaucus, NJ 07094, engaged in business as a common carrier of merchandise by water for hire, and issuing bills of lading and/or sea waybills for the common carriage of goods aboard ocean-going vessels

7. In or about April 2024, the Cargoes were tendered to Defendant CSL (and/or its agents, servants, and/or subcontractors) in good order and condition, suitable in every aspect for the intended transportation, which CSL received, accepted, and agreed to transport by multimodal carriage, for certain consideration and payment of freight charges, from Laem Chabang, Thailand to Locust Grove, Georgia in shipping

container nos. S00LU9126070 and CSNU 7924794 (the "Containers") under CSL combined transport bill of lading no. COSU6380403910 (the "Bill of Lading").

8. The terms of carriage stated on the face of the Bill of Lading were "CY-DOOR."

9. Thereafter, the Cargoes and Containers were stolen in transit on or about July 14, 2024 prior to delivery to their intended destination in Locust Grove, GA.

10. Defendant CSL (and/or its agents, servants, and subcontractors) thus failed to deliver the Cargoes to destination in the same good order and condition as they were received.

11. By reason of the premises, Defendant CSL (and/or its agents, servants, and/or subcontractors, for whom CSL is responsible) breached its statutory, contractual, and/or common law duties and obligations as carrier and/or bailee of the Cargoes; breached the contract of carriage for the Cargoes; was negligent and careless in its handling of the Cargoes; and otherwise is liable for the loss and damages described herein.

12. Following delivery, the consignee, and/or owner of the Cargoes submitted an insurance claim to Plaintiff Travelers under a marine cargo policy then in full force and effect for the loss and/or non-delivery to the Cargoes, which Travelers paid.

13. By virtue of (and to the extent of) its payment, Plaintiff Travelers became subrogated to rights, remedies, and claims for relief of the consignee and/or owner of relating to the Cargoes, including those asserted against Defendant CSL herein.

14. Plaintiff Travelers brings this action on its own behalf and, as agent and trustee, on behalf of all parties who are or may become interested in the Cargoes, as

their respective interests may ultimately appear, whether through subrogation or otherwise, and Plaintiff Travelers is entitled to maintain this action.

15. All obligations and conditions precedent to be performed by the shipper, consignee, and/or owner of the Cargoes, and/or Plaintiff Travelers as subrogee, have been performed, waived, or otherwise excused by Defendant CSL, including the payment of freight.

16. By reason of the premises, Plaintiff Travelers has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the amount of $150,793.62.

WHEREFORE, Plaintiff Travelers prays:

i. that process be issued against Defendant CSL in due form of law according to the practice of this Honorable Court, citing it to appear and answer the foregoing;

ii. that judgment be entered against Defendant CSL in the amount of $150,793.62, together with costs and interest;

iii. for such other and further relief as this Honorable Court deems just and proper under the circumstances.

Dated: New York, New York
June 17, 2025

> HILL RIVKINS LLP,
> *Attorneys for Plaintiff*
>
> By: _____
>
> Justin M. Heilig
> 45 Broadway, Suite 2110
> New York, NY 10006
> Tel: (212) 669-0600
> Email: jheilig@hillrivkins.com

5